UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC MARTIN,

      Petitioner,              Civil No. 2:25-CV-10359
                                    HONORABLE SEAN F. COX

v.

RAPHAEL WASHINGTON,

      Respondent.

_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*

Eric Martin, ("Petitioner"), presently incarcerated at the Criminal Justice Center in Detroit, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3).[1]   In his *pro se* application, Petitioner challenges his pending prosecution in the 23rd District Court in Taylor, Michigan for domestic violence. For the reasons stated below, the petition for a writ of habeas corpus is **SUMMARILY DISMISSED WITH PREJUDICE.**

### I.  Background

Petitioner has a pending criminal prosecution for the misdemeanor offense of

---

[1] Because Petitioner's application for a writ of habeas corpus was filed before he was convicted of any crimes, the more appropriate vehicle for him to seek habeas relief is under the traditional habeas statute, 28 U.S.C. § 2241(c)(3), and not under 28 U.S.C. § 2254. *See Klein v. Leis,* 548 F.3d 425, 430, n. 4 (6th Cir. 2008).

domestic violence in the 23rd District Court in Taylor, Michigan.[2]  Petitioner has yet to be convicted of the charge. Petitioner claims that he was illegally arrested by a Taylor Police officer after his brother accused Petitioner of physically assaulting him.  Petitioner claims that the state district court judge imposed an improper no-contact condition on his bond that prevented Petitioner from returning to his home of 32 years. On December 14, 2024, Petitioner indicates he was arrested for violating this condition of his bond. The judge revoked his bond and placed him back in jail.

Petitioner argues the judge's orders violate his right against unreasonable searches and seizures, his right to due process, his right against excessive bail, and his right to be presumed innocent.  Petitioner asks this Court to immediately dismiss the pending charge against him.

## II. Discussion

Promptly after the filing of a petition for a writ of habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines

---

[2] The Court obtained some of the information regarding Petitioner's pending case from the docket sheet for the 23rd District Court. https://micourt.courts.michigan.gov/case-search/court/D23/case-details?caseId=2024-24-2448-SM-01&tenantKey=D23-82-1614609-00-00&searchUrl=%2Fcourt%2FD23%2Fsearch%3FlastName%3Dmartin%26firstName%3Deric%26page%3D1. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See Daniel v. Hagel*, 17 F. Supp. 3d 680, 681, n. 1 (E.D. Mich. 2014).

that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Rule 4; *see also Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir.1970) (stating that the district court has the duty to "screen out" petitions that lack merit on their face).  A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir.1999).  No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141.  Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. *Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). After undertaking the review required by Rule 4, the Court concludes that the petition must be summarily dismissed.

In the absence of "special circumstances," federal habeas corpus relief is not available to review the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973).  A state criminal case is thus ripe for federal habeas review only after the defendant has been tried, convicted, sentenced,

and has pursued his direct appeals. *See Switek v. Michigan*, 587 F. Supp. 3d 622, 625 (E.D. Mich. 2021).  Although federal courts have jurisdiction to hear pre-trial habeas corpus petitions, a federal court should generally abstain from exercising this jurisdiction to consider a pre-trial habeas petition if the issues raised in the petition are capable of being resolved either by trial in the state courts or by other state procedures available to the petitioner. *See Atkins v. People of the State of Michigan*, 644 F.2d 543, 545-546 (6th Cir. 1981). Where a habeas petitioner's claims, if successful, would be dispositive of pending state criminal charges, the claims may be exhausted only by presenting the issues at the trial in state court, including claims that provide an affirmative defense to the criminal charges and claims that would "abort a state criminal proceeding, dismiss an indictment, or prevent a prosecution." *Switek,* 587 F. Supp. 3d at 625 (quoting *Moore v. United States*, 875 F. Supp. 620, 622 (D. Neb. 1994)). The practical effect of this exhaustion requirement is that review of dispositive claims in habeas is not available prior to a state trial. *Id.*

There are several exceptions to the rule that prejudgment habeas relief is unavailable to a state prisoner.  One exception to this general rule is a claim that an impending state trial would violate the Double Jeopardy clause of the federal constitution. *See Klein v. Leis,* 548 F.3d 425, 430, n. 2 (6th Cir. 2008); *Switek*, 587 F. Supp. 3d at 625, *Moore*, 875 F. Supp. at 622, n. 2.  Petitioner does not allege that the pending state court charge violates his rights under the Double Jeopardy Clause.

4

Another exception to this rule would involve a pre-trial habeas petition in which a state prisoner asserted his speedy trial rights for the sole purpose of seeking a writ of habeas corpus that would order the state to bring the prisoner to trial in a timely manner. *See Atkins v. People of the State of Michigan*, 644 F.2d at 547. Although an attempt to dismiss an indictment or otherwise prevent a prosecution is normally nonobtainable by way of pre-trial habeas corpus, an attempt to force the state to go to trial may be made prior to trial, although state court remedies would still have to be exhausted. *Id.*

To the extent that Petitioner seeks dismissal of his pending criminal charge, he would not be entitled to habeas relief.  Speedy trial considerations can be a basis for federal pre-trial habeas relief, but only where the petitioner is seeking to force the state to bring him to trial; they are not a basis for dismissing a pending state criminal charge outright. *Atkins,* 644 F.2d at 547; *Switek v. Michigan*, 587 F. Supp. 3d at 625. To the extent that Petitioner is seeking to dismiss this pending state criminal case outright, he would not be entitled to habeas relief because this is something which the Court does not have the power to do.

To the extent that Petitioner is seeking to compel the state court to bring him to trial, Petitioner does not allege that he has exhausted his state court remedies with respect to any pending criminal charges. A habeas petitioner has the burden of proving that he has exhausted his state court remedies. *See Rust v. Zent,* 17 F.3d 155,

160 (6th Cir. 1994). The habeas corpus statute for pre-trial situations requires the exhaustion of state court remedies. *See Dickerson v. State of La.,* 816 F.2d 220, 225 (5th Cir. 1987); *see also Winburn v. Nagy,* 956 F.3d 909, 913 (6th Cir. 2020) (federal district court properly dismissed pre-trial habeas petition raising a Double Jeopardy claim where the petitioner failed to exhaust this claim in the state courts); *Switek,* 587 F. Supp. 3d at 625-26 (petitioner could not seek habeas relief to compel state to bring him to trial without first exhausting state court remedies). Any pre-trial habeas petition is premature because Petitioner failed to allege that he exhausted his state court remedies with respect to his pending criminal charge. *Switek v. Michigan,* 587 F. Supp. 3d at 626.

Finally, petitioner may raise a claim that his right to bail pending trial was violated in a prejudgment habeas petition, providing that he has successfully exhausted his state court remedies. *See Atkins v. People of the State of Michigan*, 644 F.2d at 549-50. In this case, Petitioner is not entitled to consideration of his excessive bail claim; there is no indication that he has exhausted his state court remedies with respect to that claim.

The Court denies the habeas petition without requiring respondent to answer, because it appears from the application that Petitioner is not entitled to habeas relief. *See Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 862 (E.D. Wis. 1999) (citing to 28 U.S.C. § 2243).

### III. Conclusion

The Court summarily dismisses the petition for a writ of habeas corpus with prejudice. The Court also denies a certificate of appealability to Petitioner.

28 U.S.C. § 2253 governs appeals in habeas corpus proceedings. Whether a habeas petitioner's habeas corpus petition was brought under § 2254 or brought under § 2241, he must obtain a certificate of appealability before appealing this Court's denial of his habeas petition. *See* § 2253(c)(1)(A); *Greene v. Tennessee Dep't of Corrections*, 265 F.3d 369, 372 (6th Cir. 2001) (a state prisoner who seeks habeas corpus relief under § 2241 must obtain a certificate of appealability to bring an appeal); *Winburn v. Nagy,* 956 F.3d at 912 (pre-trial detainee who challenged pending state prosecution pursuant to § 2241 was required to obtain a certificate of appealability).

For the reasons stated in this opinion, the Court denies Petitioner a certificate of appealability because jurists of reason would not find debatable this Court's finding that Petitioner's challenges to his pending criminal charge are either non-cognizable on habeas review, *see e.g. Switek v. Michigan*, 587 F. Supp. 3d at 627, and/or subject to dismissal because Petitioner did not exhaust his available state court remedies before seeking pre-trial habeas relief. *Winburn v. Nagy,* 956 F.3d at 912-13. The Court further finds that Petitioner should not be granted leave to proceed

*in forma pauperis* on appeal, as any appeal would be frivolous. *Switek,* 587 F. Supp. 3d at 627.

### III. ORDER

Accordingly, the Court **SUMMARILY DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.  The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

**SO ORDERED**.

February 14, 2025                                              s/Sean F. Cox
                                                              Sean F. Cox
                                                              U. S. District Judge